UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:12-CR-107-KSF

UNITED STATES OF AMERICA                                                                           PLAINTIFF

vs.                                          **OPINION AND ORDER**

ONOFRE GIL CARRANZA                                                                                DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the oral Motion of Defendant, Onofre Gil Carranza, for Judgment of Acquittal on both Counts of the Indictment [DE #28, 30, 39]. Having been argued before the Court, this motion is ripe for review.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Following a jury trial, Defendant was found guilty of Count 1, knowingly making a false statement and claim that he was a citizen of the United States with the intent to engage unlawfully in employment in violation of 18 U.S.C. § 1015(e); and Count 2, falsely and willfully representing himself to be a citizen of the United States in violation of 18 U.S.C. § 911. At the close of the presentation of evidence by the United States, Defendant moved for a judgment of acquittal [DE #28]. The Court heard oral argument on Defendant's motion. The Court continued with the trial, but reserved decision on Defendant's motion. Defendant renewed his motion after the jury verdict [DE #30, 39]. Again, the Court took the matter under advisement and reserved decision on the motion.

In order to sustain a conviction for a violation of 18 U.S.C. § 1015(e), the United States must prove, beyond a reasonable doubt, that Defendant *knowingly* made a false statement or claim that he is, or at any time has been, a citizen or national of the United States, with the intent to engage

unlawfully in employment in the United States. 18 U.S.C. § 1015(e). Similarly, 18 U.S.C. § 911 requires proof that Defendant falsely and *willfully* represented himself to be a citizen of the United States. 18 U.S.C. § 911. Defendant argues that the United States failed to present evidence sufficient for a rational jury to conclude beyond a reasonable doubt that Defendant knowingly and wilfully represented himself to be a United States citizen.

The evidence at trial regarding Defendant's knowing and wilful representation of his citizenship status focused on Defendant's completion and submission of an Employment Eligibility Verification form (I-9) in connection with his employment at Advance Auto Parts in Georgetown, Kentucky. On October 29, 2011, Defendant filled out and submitted an I-9 form via computer. In the "Citizenship and Employment Verification" section of the computer form, the form states "I attest, under penalty of perjury, that I am: _____," and prompts the employee to select among four choices: (1) a citizen of the United States; (2) a noncitizen national of the United States; (3) a lawful Permanent Resident; or (4) an alien authorized to work. At trial, there was testimony that the computer form defaults to the "citizen of the United States" choice if none of the other options are selected. On Defendant's form, the box next to the entry "citizen of the United States" is marked. However, although Defendant has a social security card and a driver's license issued by the state of Illinois, Defendant is not a citizen of the United States. Rather, Defendant was born in Mexico and was brought to the United States as a young child.

Although the defense concedes that the "citizen of the United States" choice was marked on Defendant's computerized form, defense counsel argues that there is no proof that Defendant selected this choice intentionally. Defendant's counsel points out that no witness testified that they saw Defendant select "citizen of the United States." Defendant relies heavily on the fact that the computer form defaults to the "citizen of the United States" choice if no choice is made and argues

2

that this was exactly what happened here: Defendant did not actively make a choice and so the computer defaulted to "citizen of the United States." Thus, Defendant argues that this choice was marked on his form as a result of a mistake or accident. Defense counsel maintains that, although Defendant was in the country illegally, he desired to obtain legal status, thus he would not have jeopardized his ability to do so by misrepresenting his status. Indeed, at trial, multiple witnesses - including the law enforcement officers involved in Defendant's arrest - testified that Defendant never claimed to any of them that he was a United States citizen. In fact, the officers testified that Defendant was consistently up front with them about his citizenship status.

In response, the United States relies on evidence introduced at trial that, upon completion of the form, an applicant is required to click an "Accept" button in order for the form to be submitted. Next to the "Accept" button, the following statement appears: "I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form." The United States further relies on evidence admitted pursuant to Fed. R. Evid. 404(b) of a handwritten I-9 form prepared on May 27, 2011 and submitted to Custom Staffing, Chicago, Illinois, on Defendant's behalf on which the entry for "citizen of the United States" is also checked. The United States argues Defendant's verification (by virtue of clicking on the "Accept" button) that he was aware of the penalties for providing false information in connection with the computerized I-9 form, coupled with his prior submission of a handwritten I-9 form on which "citizen of the United States" is selected, provide sufficient evidence that Defendant knowingly and wilfully misrepresented his citizenship status in connection with his employment at Advanced Auto Parts, such that a rational jury could convict Defendant on Counts 1 and 2 of the indictment.

**II.    ANALYSIS**

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court must enter a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  "A judgment of acquittal is appropriate where the court determines, after reviewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Lopez-Medina*, 461 F.3d 724, 750 (6th Cir. 2006). *See also United States v. Coffee*, 434 F.3d 887, 895 (6th Cir. 2006)("In reviewing a district court's denial of a motion for judgment of acquittal on a claim of insufficient evidence, the pertinent inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  However, if the evidence is such that a rational factfinder must conclude that a reasonable doubt is raised, this court is obligated to reverse a denial of an acquittal motion.")(citations and quotations omitted).  "[A] defendant claiming insufficiency of the evidence bears a heavy burden." *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir. 1998).  The court should "neither independently weigh the evidence, nor judge the credibility of witnesses who testified at trial." *United States v. Sullivan*, 431 F.3d 976, 982 (6th Cir. 2005).  *See also United States v. Stafford*, 639 F.3d 270, 273 (6th Cir. 2011) ("In challenging the sufficiency of the evidence to support his conviction, Stafford faces a steep climb.").

A "reasonable doubt" is one "based on reason which arises from the evidence or lack of evidence." *Jackson v. Virginia*, 443 U.S. 307, 318 FN9 (1979)(quoting *Johnson v. Louisiana*, 406 U.S. 356, 360 (1972)).  Mere suspicion cannot sustain a verdict of guilt beyond a reasonable doubt. *United States v. Jenkins*, 345 F.3d 928, 942 (6th Cir. 2003).  In addition, "[a]lthough circumstantial evidence alone can support a conviction, there are times that it amounts to only a reasonable

speculation and not to sufficient evidence." *Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008)(citations omitted).

Here, although the evidence may be thin, the Court cannot find that there was insufficient evidence introduced by the United States to convict Defendant. This case is particularly difficult in that there is no direct evidence that Defendant intentionally represented himself to be a United States citizen. Rather, this case involves circumstantial evidence from which Defendant's intent must be inferred. Although defense counsel's explanation that Defendant's selection of "citizen of the United States" was a result of the computer's default option, as opposed to an intentional choice made by Defendant, may be reasonable, "[i]t is well settled that when a defendant 'offers an innocent explanation for the incriminating facts proved by the government, the jury is free to disbelieve it.'" *United States v. Schreane*, 331 F.3d 548, 562 (6th Cir. 2003)(quoting *United States v. Ledezma*, 26 F.3d 636, 641 (6th Cir. 1994)). This Court is not permitted to weigh the evidence and substitute its own conclusion for that reached by the jury. *Lopez-Medina*, 461 F.3d at 750. Because the evidence introduced by the United States is sufficient to permit a rational trier of fact to find Defendant guilty beyond a reasonable doubt, a judgment of acquittal is inappropriate.

### III. CONCLUSION

For the foregoing reasons, the Court, being otherwise fully and sufficient advised, **HEREBY ORDERS** that Defendant's Motion for Judgment of Acquittal [DE #28, 30, 39] is **DENIED**.

This November 20, 2012.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**